# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEATRIZ VERONICA WINTERTON,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting<br>Commissioner of Social Security,[1]<br><br>Defendant. | **1:16-cv-00555-GSA**<br><br>**ORDER DIRECTING ENTRY OF JUDGMENT IN FAVOR OF PLAINTIFF BEATRIZ VERONICA WINTERTON AND AGAINST DEFENDANT NANCY BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY** |

## I.  INTRODUCTION

Plaintiff, Beatriz Veronica Winterton ("Plaintiff"), seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI")

---

[1] Pursuant to Fed. R. Civ. Pro. 25(d), Nancy A. Berryhill shall be substituted in for Carolyn W. Colvin, as Nancy A. Berryhill is now the acting Commissioner of Social Security.

1

pursuant to Titles II and XVI of the Social Security Act. The matter is currently before the Court on the parties' briefs which were submitted without oral argument to the Honorable Gary S. Austin, United States Magistrate Judge.[2] (*See,* Docs. 17 and 20). Upon a review of the entire record, the Court finds that the ALJ did not apply the proper legal standards and the decision is not supported by substantial evidence. Accordingly, Plaintiff's appeal is GRANTED IN PART.

## II. FACTS AND PRIOR PROCEEDINGS[3]

The parties agree that the Plaintiff properly exhausted her administrative remedies and that the Appeals Council denied Plaintiff's appeal. Therefore, this appeal is a review of Administrative Law Judge Cynthia Minseti's ("ALJ") decision issued on August 20, 2014, which is considered the Commissioner's final order. *See*, 42 U.S.C. §§ 405(g), 1383(c)(3). AR 18-26.

### A. Plaintiff's Claims and Issues Presented

Plaintiff filed applications for DIB and SSI due to disc bulges and facet joint hypertrophy at L4-S1; moderate to severe neural foramanial narrowing at L5-SI; degenerative disc disease; back pain; and diabetes. AR 21; 255. Plaintiff argues that the ALJ failed to properly evaluate the medical evidence because he rejected the two uncontradicted non-examining physicians' opinions. Additionally, Plaintiff contends that new evidence she submitted to the Appeals Council changed the weight of the evidence and therefore supports a conclusion that she is disabled. Plaintiff requests that the case be remanded for payment of benefits, or alternatively, remanded for further proceedings. (Doc. 17, pgs. 8-14). The Commissioner argues that the ALJ's evaluation of the medical evidence was proper, and that the new evidence submitted does not alter the ALJ's determination that Plaintiff is not disabled. (Doc. 20, pgs. 6-11). As such, the ALJ's decision should be affirmed.

### B. Summary of the Medical Record

The Court has reviewed the entire medical record and it `will be referenced where appropriate. AR 286-647.

## III. THE DISABILITY STANDARD

To qualify for benefits under the Social Security Act, a plaintiff must establish that he or she

---

[2] The parties consented to the jurisdiction of the United States Magistrate Judge. (*See* Docs. 9 and 11).

[3] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). An individual shall be considered to have a disability only if:

> . . . his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B).

To achieve uniformity in the decision-making process, the Commissioner has established a sequential five-step process for evaluating a claimant's alleged disability. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). The ALJ proceeds through the steps and stops upon reaching a dispositive finding that the claimant is or is not disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The ALJ must consider objective medical evidence and opinion testimony. 20 C.F.R. §§ 404.1527, 404.1529, 416.927, 416.929.

Specifically, the ALJ is required to determine: (1) whether a claimant engaged in substantial gainful activity during the period of alleged disability, (2) whether the claimant had medically-determinable "severe" impairments, (3) whether these impairments meet or are medically equivalent to one of the listed impairments set forth in 20 C.F.R. § 404, Subpart P, Appendix 1, (4) whether the claimant retained the residual functional capacity ("RFC") to perform his past relevant work, and (5) whether the claimant had the ability to perform other jobs existing in significant numbers at the regional and national level. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f).

## IV. <u>**SUMMARY OF THE ALJ'S DECISION**</u>

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff was insured through December 31, 2012, and that Plaintiff had not engaged in substantial gainful activity since March 1, 2010, the alleged onset date. AR 20. At step two, the ALJ identified degenerative disc disease of the lumbosacral spine as severe impairments. AR 20. At step three, the ALJ found that Plaintiff did not have an impairment or combination of

3

impairments that met or medically equaled one of the listing impairments in 20 C.F.R. Part 404 P, Appendix 1. AR 20-21. As part of his analysis, the ALJ found that Plaintiff's statements regarding the intensity, persistence, and limiting effects of her alleged symptoms were not entirely credible.

The ALJ also determined that Plaintiff had the RFC to a modified version of light work as defined in 20 CFR §§ 404.1567(b) or 416.967(b). AR 21. Specifically, the ALJ found Plaintiff could lift/carry up to twenty pounds occasionally and ten pounds frequently; she could sit, stand, and walk for up to six hours in an eight hour work day; she could occasionally push and pull with her feet, climb ramps and stairs, occasionally balance, stoop, kneel, crouch, and crawl, but she cannot climb ladders, ropes or scaffolds; she must also avoid dangerous machinery, unprotected heights, and moderate noise. AR 17.

At step four, the ALJ found Plaintiff could perform her past relevant work as a food checker, cashier supervisor, and fast food worker. AR 24-25. Alternatively, at step five, the ALJ also concluded that other jobs existed in significant numbers in the national economy that Plaintiff could perform, including a cashier II and a cafeteria attendant. AR 25. The ALJ therefore concluded Plaintiff was not disabled. AR 25-26.

## V. THE STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether (1) it is supported by substantial evidence, and (2) it applies the correct legal standards. *See Carmickle v. Commissioner*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007).

"Substantial evidence means more than a scintilla but less than a preponderance." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). It is "relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." *Id.* Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Id*.

## VI. DISCUSSION

### A. The ALJ's Evaluation of the Medical Evidence was Not Proper.

Plaintiff argues that the ALJ failed to properly evaluate the medical evidence because she rejected the non-examining physician's limitation that Plaintiff could only stand and walk for two

hours, without giving sufficient reasons that are supported by the record for doing so. Instead, the ALJ improperly found that Plaintiff was able to sit and walk for six hours in and eight hour day. (Doc. 17, pgs. 8-11). Defendant contends that the ALJ's evaluation of the medical record is proper because the ALJ provided legitimate reasons for rejecting this limitation. Furthermore, the Commissioner argues that if there was error, the error was harmless because even if the limitation is adopted, Plaintiff would not be considered disabled under the Medical-Vocational Guidelines ("the Grids"). 20 C.F.R. pt 404, Subpt. P. App. 2, 201.27 and 201.28.

   *1. Legal Standard*

The weight given to medical opinions depends in part on whether they are offered by treating, examining, or non-examining (reviewing) professionals. *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). "When there is conflicting medical evidence, the Secretary must determine credibility and resolve the conflict." *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir.1992). When doing so, an ALJ may reject the uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons. *Ghanim v. Colvin*, 763 F. 3d 1154, 1161 (9th Cir. 2014); *Lester*, 81 F.3d at 831. In contrast, a contradicted opinion of a treating or examining professional may be rejected for "specific and legitimate" reasons. *Ghanim*, 763 F. 3d at 1161; *Lester*, 81 F.3d at 830. The opinions of non-treating or non-examining physicians may serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record. *Thomas,* 278 F. 3d at 957. Such independent reasons may include laboratory test results or contrary reports from examining physicians, and plaintiff's testimony when it conflicts with the treating physician's opinion. *Leste*r, 81 F.3d at 831, *citing Magallanes*, 881 F.2d at 751–55.

Here, the only medical opinions in the record where given by Dr. Williams, M.D., and Dr. Fast, M.D. (two non-examining physicians), who rendered opinions on October 19, 2012, and May 9, 2013, respectively. AR 70-73; 103-108 (repeated at AR 115-120). Both doctors found that Plaintiff could perform sedentary work. Specifically, they determined that Plaintiff could lift and carry twenty pounds and ten pounds frequently; stand and/or walk for two hours in an eight-hour day; sit for six hours in an eight-hour day; and push and pull occasionally with the bilateral lower extremities. They also found that Plaintiff should avoid concentrated exposure to noise, as well as avoid exposure to hazards such as machinery and heights. (AR 68-74, 103-109). Based on these

5

limitations, they determined Plaintiff was not disabled. AR 74, 109.

After thoroughly summarizing the medical evidence, the ALJ gave substantial weight to both doctors' opinions except that he rejected the finding that Plaintiff should be limited to sedentary work which requires only two hours of walking and/or standing in a day. AR 21-22. Instead, the ALJ concluded that Plaintiff could perform light work and could stand and walk for a total of six hours in a day. AR 21. In reaching this conclusion, the ALJ stated the following:

> As for the opinion evidence, the State Agency medical consultants opined the claimant could lift and carry 20 pounds occasionally and 10 pounds frequently, stand and/or walk for two hours in an 8-hour day, sit for six hours in an 8-hour day, and push and pull occasionally with the bilateral lower extremities. She can occasionally climb ramps and stairs, stoop, and crouch, and never climb ladders, ropes, or scaffolds. She should avoid concentrated exposure to noise and avoid all exposure to hazardous machinery and heights. The Administrative Law Judge gives significant weight to the State Agency opinion except that of standing and walking. The medical evidence does not support the limitation of standing and walking for only two hours. The record does not contain any opinions from treating or examining physicians indicating that the claimant is disabled or even has limitations determined in this decision.

AR 22 (Citations omitted).

Plaintiff argues that when the ALJ rejected the limitation that Plaintiff should be limited to two hours of walking and standing, the ALJ did not explain why her interpretation of the medical record was correct, and substituted her own medical opinion in lieu of any medical opinion in the record to support his findings. (Doc. 17, pgs. 9-10). The Commissioner contends that the ALJ provided legitimate reasons for not accepting this limitation, and properly devised a RFC that includes what Plaintiff was able to do. (Doc. 20, pg. 7); 20 CFR § 404.1545(a)(1).

A review of the medical record reveals that the ALJ's decision is not supported by substantial evidence. Although the Commissioner made a blanket assertion in her brief that the ALJ provided good reasons for rejecting these opinions, she did not identify any reasons in the pleading. (Doc. 20, pgs. 7-8). The only reasons articulated by the ALJ for rejecting the two hour stand/walk limitation was that : (1) that the medical evidence did not support this limitation, and (2) no other examining or treating physician indicated that the Plaintiff is disabled, or had the limitations determined in this decision. AR 22. Neither of these reasons constitutes substantial evidence.

First, although the ALJ accurately summarized the medical record in the opinion (AR 22-23), she did not explain how the medical evidence supports her rejection of the limitation that Plaintiff was only able to stand and walk for two hours a day. AR 22. It is well established that the opinions of non-treating or non-examining physicians may serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record. *Thomas,* 278 F. 3d at 957. Here, however, the ALJ rejected the non-examining opinions without relying on other medical opinions, or at a minimum, without explaining how the record supported her conclusion. This is troubling because after the non-examining physicians rendered their assessments in 2012 and 2013, Plaintiff had another MRI performed in May of 2014 which revealed chronic degeneration of the L5-S1 disc, with a right paracentral posterior herniation of this disc with mild encroachment on the central spinal canal. AR 22; 612. The ALJ characterized this report as "mildly abnormal," but no doctor interpreted this test. AR 22-23.

The Court notes that the ALJ appears to reference other medical evidence when discrediting Plaintiff's testimony, which arguably could also serve as a basis for rejecting the non-examining doctors' opinions. Specifically, the ALJ references prior x-rays and MRIs taken in 2011-2013 (AR 22; 321-322; 344; 522-524; 607-609), and also notes that Plaintiff was seen by two doctors - Dr. Grandhe, who recommended conservative treatment such as injections and home therapy in June 2012, and Dr. Ehteshami, who did not recommend surgical intervention in August of 2013. AR 23; 363-364; 592-593. As a preliminary matter, the Court cannot rely on these reasons as the ALJ's basis to reject the non-examining physicians' opinions as these reasons were not explicitly made by the ALJ. This Court cannot create post-hoc explanations on an ALJ's behalf. *Stout v. Comm'r*, 454 F.3d 1050, 1054 (9th Cir. 2006) (citing *Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001)) (A reviewing court cannot affirm an ALJ's decision denying benefits on a ground not invoked by the Commissioner.) However, even if the Court were to consider this reasoning, neither Dr. Grandhe or Dr. Ehteshami had reviewed the May 2014 MRI at the time of their assessments. AR 23; 363-364; 592-593. Therefore, reliance on either of these doctors' recommendations does not constitute substantial evidence for rejecting the two non-examining physicians' opinions.

The Commissioner has argued that the ALJ's interpretation of the medical evidence was proper and was appropriate as part of the formulation of the Plaintiff's RFC. Indeed, it is well-

established that the RFC is not a medical opinion, but a legal decision that is expressly reserved for the Commissioner. *See* 20 C.F.R. §§ 404.1527(d)(2) (RFC is not a medical opinion), 404.1546(c) (identifying the ALJ as responsible for determining RFC). Moreover, "it is clear that it is the responsibility of the ALJ, not the claimant's physician, to determine residual functional capacity." *Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001). However, an ALJ is not allowed to use his own medical judgment in lieu of that of a medical expert. *See Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999) (As a lay person, the ALJ is "not at liberty to ignore medical evidence or substitute his own views for uncontroverted medical opinion"; he is "simply not qualified to interpret raw medical data in functional terms."); *Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998) ("[T]he ALJ cannot arbitrarily substitute his own judgment for competent medical opinion . . . ." (citations and quotation marks omitted)); *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996) (the ALJ "must not succumb to the temptation to play doctor and make [his] own independent medical findings."); *Ferguson v. Schweiker*, 765 F.2d 31, 37 (3d Cir. 1985) (the ALJ may not substitute his interpretation of laboratory reports for that of a physician). Here, the ALJ reached her own conclusions regarding the 2014 MRI without a supporting medical professional's opinion. This was error.

The second reason referenced in the ALJ's opinion - that there was no other treating or examining doctor who indicated the limitation to sedentary work was needed, or that Plaintiff was disabled – also does not constitute substantial evidence. This reasoning is faulty because the only medical opinions in the record agreed that the sedentary limitation was necessary. There was no medical opinion reaching a contrary conclusion. Moreover, as previously discussed, the 2014 MRI was not evaluated by a medical professional.

In general, it is the duty of the claimant to prove to the ALJ that she is disabled. 20 C.F.R. § 404.1512(a). To this end, she must bring to the ALJ's attention everything that supports a disability determination, including medical or other evidence relating to the alleged impairment and its effect on her ability to work. *Id.* For his part the ALJ has the responsibility to develop "a complete medical history" and to "make every reasonable effort to help [the plaintiff] get medical reports." 20 C.F.R. § 404.1512(d). If this information fails to provide a sufficient basis for making a disability determination, or the evidence conflicts to the extent that the ALJ cannot reach a conclusion, he may seek additional evidence from other sources. 20 C.F.R. §§

404.1512(e); 404.1527(c)(3), see also *Mayes v. Massanari*, 262 F.3d 963, 968 (9th Cir.2001). Here, the ALJ had an obligation to more fully develop the record and obtain a medical opinion in light of the most recent MRI. *Widmark v. Barnhart*, 454 F. 3d 1063, 1067 (9th Cir. 2006). (The ALJ has a "special duty" to fully and fairly develop the record and to assure that a claimant's interests are considered.)

The Commissioner argues that any error the ALJ may have committed is harmless because the non-examining physician's opined that under the Grids, Plaintiff would be considered disabled. *See*, Medical –Vocational Rules 201.27 and 201.28; AR 74; 109. However, the findings by Dr. Williams and Dr. Fast did not take into account the May 2014 MRI. Additionally, it is not entirely clear that the Grids apply to Plaintiff's case because the RFC limited Plaintiff to sedentary work, and also included several nonexertional limitations including that Plaintiff avoid concentrated exposure to noise; avoid all exposure to hazardous machinery and heights; only occasionally push and pull with the bilateral lower extremities, only occasionally climb ramps and stairs, stoop, kneel, crouch, and crawl; and never climb ladders, ropes, or scaffolds. 20 C.F.R. § 416.969a(c). An ALJ may substitute the grids for VE testimony only when the Grids "completely and accurately represent a claimant's limitations." Moreover, there are "strict limits on when the Secretary may rely on the Guidelines." *Desrosiers v. Sec'y of Health and Human Services*, 846 F.2d 573, 578 (9th Cir. 1988) (Pregerson, J., concurring); *Tackett v. Apfel*, 180 F.3d 1094,1101 (9th Cir. 1999); *see also Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir.2001). Because the Grids emphasize the strength requirements of jobs, they may not be fully applicable for a claimant's non-exertional limitations. *Lounsberry v. Barnhart*, 468 F.3d 1111, 1115 (9th Cir. 2006). Social security law does not preclude application of the Grids in cases which present nonexertional limitations in conjunction with exertional limitations, however, the ALJ should first determine if a claimant's non-exertional limitations significantly limit the range of work permitted by her exertional limitations. *Desrosiers*, 846 F. 2d at 577. That was not done here since the ALJ rejected the sedentary work limitation.[4]

**B. The New Evidence Submitted to the Appeals Council**

After the ALJ rendered her opinion, Plaintiff submitted new evidence to the Appeals Council which the Appeal's Council considered. AR 1-5. These records included medical records

---

[4] The ALJ did discuss the Grids when evaluating Plaintiff's light exertional level. AR 24-25.

from Kern Medical Center dated October 1, 2013, October 6, 2014, and December 2, 2014. AR 613-647. The records reveal that on October 3, 2013, Dr. Thomas Lo., M.D. recommended a laminectomy (surgery that enlarges the spinal canal to relieve pressure on the spinal cord or nerves) at two levels based on the May 2014 MRI. AR 614. Plaintiff underwent a L5-S1 laminectomy, foraminotomy, and medial facetectomy on December 2, 2014. AR 640. Plaintiff argues this new evidence changes the weight of the record because the ALJ relied on the fact that Plaintiff did not have surgery to treat her back when finding her not credible. (Doc. 17, pgs. 12-14). Defendant contends that the ALJ's decision is supported by substantial evidence because the surgery occurred after the date of the ALJ's decision, and when Plaintiff was evaluated for surgery, she reported she was able to perform a range of life skills that do not support her disability claims. (Doc. 20, pgs. 8-11).

When the Appeals Council considers new evidence, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence. *Brewes v. Commissioner*, 682 F.3d 1157, 1163 (9th Cir. 2012). Here, the Court has already determined that the ALJ's decision is not based on substantial evidence. However, it is noted that Dr. Lo's interpretation of the May 2014 MRI on October 1, 2014 (completed a little over one month after the ALJ issued his decision on August 20, 2014) (AR 26; 614), further supports the Court's finding that the ALJ improperly evaluated the May 2014 MRI by relying only on her lay interpretation of the medical records.

Notwithstanding the above, the Court notes that the additional records submitted (AR 613-647) do not establish that Plaintiff meets the disability standard as they do not contain any assessment of Plaintiff's functional limitations. To the contrary, as noted by the Defendant, prior to surgery Plaintiff responded affirmatively to a number of functional abilities including that she had the ability to perform heavy work around the house, walk, climb stairs, and run for a short distance. AR 626. She also reported being able to care for herself, do light housework, and participate in moderate and strenuous recreational activities and sports including golfing, bowling, dancing, tennis, baseball, football, swimming, and skiing. AR 626. These undercut her claims regarding the severity of her impairment.

**VII. REMAND FOR FURTHER ADMINSTRATIVE PROCEEDINGS**

The Court must determine whether this action should be remanded to the Commissioner

with instructions to immediately award benefits, or whether this action should be remanded to the Commissioner for further administrative proceedings. Remand for further proceedings is appropriate when an evaluation of the record as a whole creates serious doubt as to whether the claimant is in fact disabled. *Trevizo v. Berryhill*, 862 F. 3d 987, 1004-1005 (9th Cir. 2017); *Garrison v. Colvin*, 759 F. 3d 995, 1021 (9th Cir. 2014). Conversely, a court should remand with for an award of benefits when: (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Id*. at 1020. Even if all three of these criteria are met, the Court can retain flexibility in determining an appropriate remedy. *Brown-Hunter v. Colvin*, 806 F. 3d 487, 495 (9th Cir. 2015).

Here, remand for further proceedings is appropriate so the ALJ can properly evaluate the medical evidence, and because it is unclear whether the Grids apply in this case. Moreover, there is no assessment of Plaintiff's functional limitations given the 2014 MRI, and her subsequent surgery. Accordingly, the case will be remanded so that the ALJ can more fully develop the record.

### VIII.  CONCLUSION

Based on the foregoing, the Court finds that the ALJ's decision is not supported by substantial evidence and is not based on proper legal standards. Accordingly, this Court GRANTS Plaintiff's appeal IN PART. The case is remanded to the Commissioner consistent with the instructions contained in this order. The Clerk of this Court is DIRECTED to enter judgment in favor of Beatriz Veronica Winterton, and against Nancy A. Berryhill, Commissioner of Social Security, and close this action.

IT IS SO ORDERED.

Dated: **August 22, 2017**           **/s/ Gary S. Austin**
                                     UNITED STATES MAGISTRATE JUDGE